■ Betty Z. Greenberg, Appellant, v Julian Greenberg, Respondent. (And Three Other Actions.) — Appeal by plaintiff from an order of the Supreme Court, Nassau County, entered October 24, 1980, which dismissed the plaintiff's application for postjudgment relief and discharged plaintiff's guardian ad litem. Order reversed, without costs or disbursements, and matter remitted to the Supreme Court, Nassau County, for a hearing consistent herewith. Subsequent to the entry of a judgment of divorce, plaintiff made an application for certain postjudgment relief, including a request to hold defendant in contempt and to discharge plaintiff's guardian ad litem. Immediately prior to the commencement of the hearing on her application, the court held an *in camera* conference at which plaintiff was represented by her guardian ad litem but from which she was excluded. Consequently, at the commencement of the hearing, plaintiff moved for a "mistrial", on the ground that she, as "co-counsel", felt "forcibly * * * excluded from the proceedings". After this motion was denied, plaintiff moved for leave to examine her first witness, the guardian ad litem, as an adverse witness. This motion too was denied, and the court asked plaintiff to sit down. Plaintiff thereupon stated that she would "have to be cited for contempt". The court then dismissed the proceeding. While we appreciate the court's legitimate concern for decorum and orderly procedure during the hearing, we believe that under these facts, dismissal was an unduly harsh sanction to be imposed at such an early stage of the proceeding (the order of dismissal occurred on the second page of the hearing minutes) (cf. *Moscatiello v Savarese,* 42 AD2d 519). We further note that at this juncture a dismissal on the merits would be inappropriate. Mollen, P.J., Margett, O'Connor and Weinstein, JJ., concur.